1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RONNIE O. BROWN,                    )        No. C 15-02266 EJD (PR)
                                          )
12               Petitioner,              )        ORDER OF DISMISSAL
                                          )
13      v.                                )
                                          )
14                                        )
     S. SHERMAN,                          )
15                                        )
                 Respondent.              )
16                                        )
     _____     )
17

18          Petitioner, a California inmate currently incarcerated at California Substance

19   Abuse Treatment Facility in Corcoran, California, filed a pro se petition for a writ of

20   habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, the

21   instant petition will be dismissed.

22                              **DISCUSSION**

23          Petitioner is a legally blind prisoner.  Petitioner is not challenging his

24   conviction.  He appears to be suing the prison where he is incarcerated for failing to

25   comply with the court-approved remedial plan and assign Petitioner to housing that

26   complies with either the Americans for Disabilities Act ("ADA") or the "uniform

27   accessibility requirements [of] Section 504."  (Pet. at 5.)

28          It is well established in this circuit that "habeas jurisdiction is absent, and a §

Order of Dismissal
P:\PRO-SE\EJD\HC.15\02266Brown_dism(hc-cr).wpd

**United States District Court**

For the Northern District of California

1    1983 action proper, where a successful challenge to a prison condition will not

2    necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859

3    (9th Cir. 2003).  The preferred practice in the Ninth Circuit also has been that

4    challenges to conditions of confinement should be brought in a civil rights

5    complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action

6    is proper method of challenging conditions of confinement); Crawford v. Bell, 599

7    F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on

8    basis that challenges to terms and conditions of confinement must be brought in civil

9    rights complaint).  Here, Petitioner's claim that the prison is violating the terms of a

10   court-ordered consent decree and is violating the ADA, if successful, would not

11   necessarily shorten his sentence.  Accordingly, the petition goes entirely to the

12   conditions of his confinement, and success in this action would not necessarily affect

13   the duration of his confinement.

14       Although a district court may construe a habeas petition by a prisoner

15   attacking the conditions of his confinement as a civil rights action under 42 U.S.C. §

16   1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to

17   do so here.  The difficulty with construing a habeas petition as a civil rights

18   complaint is that the two forms used by most prisoners request different information

19   and much of the information necessary for a civil rights complaint is not included in

20   the habeas petition filed here.  Examples of the potential problems created by using

21   the habeas petition form rather than the civil rights complaint form include the

22   potential omission of intended defendants, potential failure to link each defendant to

23   the claims, and potential absence of an adequate prayer for relief.

24       Additionally, there is doubt whether the prisoner is willing to pay the $350.00

25   civil action filing fee to pursue his claims.  It is not in the interest of judicial

26   economy to allow prisoners to file civil rights actions on habeas forms because

27   virtually every such case, including this one, will be defective at the outset and

28   require additional court resources to deal with the problems created by the different

Order of Dismissal
P:\PRO-SE\EJD\HC.15\02266Brown_dism(hc-cr).wpd          2

<div style="float: left;">

**United States District Court**

For the Northern District of California

</div>

1  filing fees and the absence of information on the habeas form.

2  <div align="center">**CONCLUSION**</div>

3  For the foregoing reasons, this action for a writ of habeas corpus is

4  DISMISSED without prejudice to Petitioner filing a civil rights action under 42

5  U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has

6  exhausted California's prison administrative remedies.  <u>See</u> 42 U.S.C. § 1997e(a).

7  If Petitioner chooses to file a civil rights complaint, he should choose the

8  appropriate venue for his complaint.  Venue generally is proper in a judicial district

9  in which: (1) any defendant resides, if all defendants are residents of the state in

10  which the district is located; (2) a substantial part of the events or omissions giving

11  rise to the claim occurred, or a substantial part of property that is the subject of the

12  action is situated; or (3) any defendant is subject to the court's personal jurisdiction,

13  if there is no district in which the action may otherwise be brought.  28 U.S.C. §

14  1391(b).  California Substance Abuse Treatment Facility is located in Corcoran,

15  California, in Kings County, which is in the Eastern District of California.  <u>Id.</u> at §

16  84(b).

17  The Clerk is instructed to include two copies of the prisoner civil rights

18  complaint form to Petitioner with a copy of this order.

19

20  DATED: _____7/1/2015_____   

21  EDWARD J. DAVILA
   United States District Judge

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\EJD\HC.15\02266Brown_dism(hc-cr).wpd          3